IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN BROTHERS, INC., an Illinois corporation,<br><br>        Plaintiff,<br><br>v.<br><br>CHICAGO STEAK COMPANY, INC., a Maryland corporation,<br><br>        Defendant. | Case No.: 1:09-CV-07847<br><br>The Honorable George W. Lindberg<br><br>Magistrate Judge Martin C. Ashman |

**FIRST AMENDED COMPLAINT – JURY TRIAL REQUESTED**

Plaintiff, Allen Brothers, Inc. ("Allen Brothers"), for its First Amended Complaint against defendant Chicago Steak Company, Inc. ("CSC"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Allen Brothers is an Illinois corporation having a principal place of business at 3737 South Halsted Street, Chicago, IL 60609.

2. On information and belief, defendant CSC is a Maryland corporation which transacts business in Chicago, IL. A true and correct print out from CSC's website showing that it has offices in Chicago and an Illinois phone number is attached hereto as collective Exhibit 1.

3. This is a civil action arising under: (a) the United States Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et. seq.* (the "Lanham Act"); and (b) the laws of the State of Illinois.

4. This Court has subject matter jurisdiction over this case under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331,1338, and 1367.

5. This Court has personal jurisdiction over CSC as it has an office in Chicago, IL and does business in Illinois.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because at least some of the events giving rise to each the claims alleged herein occurred in this District and CSC is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

### *Allen Brothers' Business*

7. Allen Brothers has provided foods, including meats, in Chicago since 1893, and has provided food throughout much of the United States for several years.

8. Allen Brothers was incorporated in the state of Illinois in 1932.

9. Allen Brothers has, since at least as early as 2000, promoted and sold food products essentially nationwide.

10. Among other things, Allen Brothers provides beef (including steaks, roasts and wagyu beef), pork, fowl (including duck), veal, prepared gourmet foods, seafood, lobster, jumbo shrimp, cheeses, and desserts.

11. Allen Brothers markets and sells its products on a retail basis to the general public through catalogs and the Internet.

12. Allen Brothers markets and sells its products on a wholesale basis to restaurants.

13. Allen Brothers sells its products to many well-known restaurants in the United States including Morton's of Chicago, the Chicago Chop House, Del Frisco's, and The Prime Rib.

14. Allen Brothers mails millions of illustrated catalogs annually to its customers and potential customers to promote its products.

15. Allen Brothers has more than 100,000 customers in the United States and internationally.

16. Many of Allen Brothers' retail sales are generated through Allen Brothers' website located at www.allenbrothers.com.

### *Allen Brothers' Trademark Registrations*

17. Allen Brothers owns multiple federal trademark registrations which include "ALLEN BROTHERS" used in connection with Allen Brothers' goods and services (collectively, the "Allen Brothers Marks").

18. Allen Brothers owns U.S. Trademark Registration No. 2,703,418 for "ALLEN BROTHERS," for meats, namely, beef, lamb, and veal. A true and correct copy of the registration information for U.S. Trademark Registration No. 2,703,418 as included in the database of the United States Patent and Trademark Office ("PTO") is attached hereto as Exhibit 2.

19. The registration in the preceding paragraph is incontestable, which means, among other things, that it is conclusive proof of the validity of the mark and Allen Brothers' exclusive right to use the mark in U.S. commerce pursuant to 15 U.S.C. § 1115. A true and correct print out from the PTO database showing that the registration is incontestable is attached hereto as Exhibit 3.

20. Allen Brothers owns U.S. Trademark Registration No. 2,733,674 for "ALLEN BROTHERS THE GREAT STEAKHOUSE STEAKS," for mail and telephone order catalog services featuring steaks and other meats. A true and correct copy of the registration information as included in the PTO database is attached hereto as Exhibit 4.

21. The registration in the preceding paragraph is incontestable, which means, among other things, that it is conclusive proof of the validity of the mark and Allen Brothers' exclusive right to use the mark in U.S. commerce pursuant to 15 U.S.C. § 1115. A true and correct print out from the PTO database showing that the registration is incontestable is attached hereto as Exhibit 5.

22. Allen Brothers owns U.S. Trademark Registration No. 3,286,123 for "ALLEN BROTHERS," for retail store services featuring foods, online retail store services featuring food, mail order catalog services featuring food, and wholesale stores featuring foods. A true and correct copy of the registration information for U.S. Trademark Registration No. 3,286,123 as included in the PTO database is attached hereto as Exhibit 6.

23. The registration in the preceding paragraph is *prima facie* evidence of the validity of the mark and Allen Brothers' exclusive right to use it in interstate commerce pursuant to 15 U.S.C. § 1057.

24. Allen Brothers owns U.S. Trademark Registration No. 3,297,650 for "ALLEN BROTHERS," for meats, poultry, sausages, hot dogs, fish, seafood, shellfish and cheeses; prepared foods, namely, roasts, beef, stuffed filets, ham, crab cakes, stuffed shrimp, seafood, braised shanks, ribs, meatloaf, brisket, Shepherd pie, beef bourguignonne, meatballs, chili, bratwurst, sausages, jerky, poultry, soups, cheese pate, satay and caviar; prepared foods, namely, dumplings and desserts namely pies and cakes. A true and correct copy of the registration information for U.S. Trademark Registration No. 3,297,650 as included in the PTO database is attached hereto as Exhibit 7.

25. The registration in the preceding paragraph is *prima facie* evidence of the validity of the mark and Allen Brothers' exclusive right to use it in interstate commerce pursuant to 15 U.S.C. § 1057.

26. The Allen Brothers Marks, as used with Allen Brothers' products and services are inherently distinctive.

27. Because of the long and continuous use of "Allen Brothers" in United States commerce, the Allen Brothers' Marks have acquired secondary meaning and have acquired distinctiveness.

28. As a result of Allen Brothers' promotion, advertising and sales, consumers have come to associate the Allen Brothers Marks as designating food products and services associated or connected with, originating from, or sponsored by, Allen Brothers.

29. The annual revenue generated by the domestic sale of Allen Brothers' products and services, which are identified by the Allen Brothers Marks, is in excess of US $50,000,000.00.

30. Long prior to the acts complained of herein, the Allen Brothers Marks had come to represent valuable goodwill owned by Allen Brothers.

### *CSC's Unauthorized Use Of The Allen Brothers Marks*

31. On information and belief, CSC is a food delivery company located in Chicago, Illinois that sells and offers for sale meat (including steaks), seafood, soups, sausages, desserts and food products.

32. On information and belief, CSC is the registrant, owner and operator of a website at www.mychicagosteak.com offering for sale food products, and gift certificates for use on CSC products. A true and correct copy of a print out of pages from this website are attached hereto as collective Exhibit 8.

33. CSC is a direct competitor of Allen Brothers.

34. CSC sells its products through the Internet directly to consumers.

35. On information and belief, CSC has purchased each of the terms "Allen Brothers" and "Allen Brothers Steaks" as a key word (or adword or pay-per-click term) on the Google Internet search engine under the Google "Adwords" program.

36. When CSC purchases "Allen Brothers" or "Allen Brothers Steaks" as a key word, and an Internet user inputs "Allen Brothers" or "Allen Brothers Steaks" into the Google search engine, a CSC paid (or "sponsored") advertisement appears in the search results page. A true and correct copy of such a results page is attached as Exhibit 9, and in this results page the CSC sponsored ad is the first result at the top of the page.

37. Allen Brothers' attorneys have sent letters to CSC asking it to cease use of the term "Allen Brothers" as a key word. True and correct copies of the letters are attached hereto as collective Exhibit 10.

38. CSC had not responded to the cease and desist letters identified in Exhibit 10 prior to Allen Brothers filing its Complaint in this matter.

39. CSC still refuses to cease use of "Allen Brothers" as a pay-per-click term. True and correct copies of communications between CSC and Allen Brothers are attached hereto as collective Exhibit 11.

40. CSC's purchase or use of the term "Allen Brothers" or "Allen Brothers Steaks" through, among other things, the Google Adwords program constitutes a use of the Allen Brothers Marks in commerce.

41. CSC's purchase and use of the term "Allen Brothers" in, among other things, the Google Adwords program, is without Allen Brothers' authorization or permission.

42. CSC's use of the term "Allen Brothers" in association with CSC's goods and services, including goods and services identical or closely related to those offered by Allen Brothers under the Allen Brothers Marks, is likely to cause confusion (including initial interest confusion) among the relevant consuming public concerning the source of those goods and services.

43. CSC's activities complained of herein are likely to cause confusion by creating the false or erroneous impression that CSC's products and services are affiliated with, connected to, associated with, sponsored by, originated from or approved by, Allen Brothers.

## COUNT ONE

### (Trademark Infringement Under 15 U.S.C. § 1114(a))

44. Allen Brothers incorporates by reference all previous allegations of this First Amended Complaint as if specifically set forth herein.

45. Allen Brothers has registered, among others, marks including the term "ALLEN BROTHERS."

46. CSC has used the term "ALLEN BROTHERS" in commerce without Allen Brothers' consent to promote and sell competing products.

47. CSC's unauthorized use of the term "ALLEN BROTHERS" is likely to cause confusion, initial interest confusion, mistake, or deception as to the affiliation, connection, sponsorship, approval or association of CSC with Allen Brothers or Allen Brothers' goods or services, and thereby constitutes trademark infringement in violation of § 43 of the Lanham Act, 15 U.S.C. § 1114.

48. The aforesaid actions of CSC have caused, and unless enjoined, will continue to cause damage and irreparable injury to Allen Brothers, by diversion of sales and/or lessening of goodwill associated with Allen Brothers' products, for which there is no adequate remedy at law.

49. In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, Allen Brothers has sustained, and will continue to sustain, actual and/or consequential damages.

50. CSC's actions as complained of herein were with knowledge that CSC was using "ALLEN BROTHERS" as a key word, that Allen Brothers was CSC's competitor and that Allen Brothers has registered marks for "Allen Brothers."

## COUNT TWO
### (Unfair Competition, False Designation of Origin, and False Advertising and Descriptions Under 15 U.S.C. § 1125(a))

51. Allen Brothers hereby incorporates by reference all previous allegations of this First Amended Complaint as if specifically set forth herein.

52. Allen Brothers uses one or more of the Allen Brothers Marks in connection with the sale of food products and retail and wholesale food services provided in United States commerce.

53. As a result of the continuous and extensive use by Allen Brothers of the "ALLEN BROTHERS" Marks in connection with food products and services, such marks have become recognized by relevant consumers as identifying Allen Brothers as the source of such food products and services.

54. CSC has used, and, on information and belief, continues to use, in commerce the term "ALLEN BROTHERS" in a manner that is likely to cause confusion, mistake, or deception as to the affiliation, connection, sponsorship, approval or association of CSC with Allen Brothers or Allen Brothers' goods or services.

55. CSC's use of "ALLEN BROTHERS" constitutes unfair competition and false designation of origin that wrongly and falsely designates the services and/or products sold by CSC as originating with, or as being sponsored by, approved by, or otherwise connected with Allen Brothers in violation of the Lanham Act, 15 U.S.C. § 1125(a).

56. The aforesaid actions of CSC have caused, and unless enjoined, will continue to cause damage and irreparable injury to Allen Brothers, by diversion of sales and/or lessening of goodwill associated with Allen Brothers' products, for which there is no adequate remedy at law.

57. In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, Allen Brothers has sustained, and will continue to sustain, actual and/or consequential damages.

58. CSC's actions as complained of herein were with knowledge that CSC was using "ALLEN BROTHERS" as a key word, that Allen Brothers was its competitor and that Allen Brothers has registered marks for "Allen Brothers."

## COUNT THREE

### (Common Law Unfair Competition)

59. Allen Brothers incorporates by reference all previous allegations of this First Amended Complaint as if specifically set forth herein.

60. CSC has used "ALLEN BROTHERS" in a manner that is likely to cause confusion, mistake, or deception as to the affiliation, connection, sponsorship, approval or association of CSC with Allen Brothers or Allen Brothers' goods or services.

61. CSC's use as described in the preceding paragraph is in bad faith and constitutes unfair competition under the common law of Illinois.

62. The aforesaid actions of CSC have caused, and unless enjoined, will continue to cause damage and irreparable injury to Allen Brothers, by diversion of sales and/or lessening of goodwill associated with the Allen Brothers product, for which there is no adequate remedy at law.

63. In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, Allen Brothers has sustained, and will continue to sustain, actual and/or consequential damages for which Allen Brothers is entitled to recover in an amount to be determined at trial.

Case 1:09-cv-07847 Document 5 Filed 03/12/10 Page 9 of 11

64. CSC's actions as complained of herein were with knowledge that CSC was using "ALLEN BROTHERS" as a key word, that Allen Brothers was its competitor and that Allen Brothers has registered marks for "Allen Brothers."

## COUNT FOUR

**(Violations Of The Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.)**

65. Allen Brothers incorporates by reference all previous allegations of this First Amended Complaint as if specifically set forth herein.

66. CSC's use of "ALLEN BROTHERS" is in a manner that is likely to cause confusion, mistake, or deception as to the affiliation, connection, sponsorship, approval or association of CSC with Allen Brothers or Allen Brothers' goods or services.

67. CSC's use as described in the preceding paragraph is in bad faith and constitutes a deceptive trade practice pursuant to the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.

68. The aforesaid actions of CSC have caused, and unless enjoined, will continue to cause damage and irreparable injury to Allen Brothers, by diversion of sales and/or lessening of goodwill associated with Allen Brothers' products, for which there is no adequate remedy at law.

69. In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, Allen Brothers has sustained, and will continue to sustain, actual and/or consequential damages.

70. CSC's actions as complained of herein were with knowledge that CSC was using "ALLEN BROTHERS" as a key word, that Allen Brothers was its competitor and that Allen Brothers has registered marks for "Allen Brothers."

## COUNT FIVE

**(Violations Of The Illinois Consumer Fraud and
Deceptive Trade Practices Act, 815 ILCS 505/1 et seq.)**

71. Allen Brothers incorporates by reference all previous allegations of this First Amended Complaint as if specifically set forth herein.

- 9 -

72. CSC's use of "ALLEN BROTHERS" is in a manner that is likely to cause confusion, mistake, or deception as to the affiliation, connection, sponsorship, approval or association of CSC with Allen Brothers or Allen Brothers' goods or services.

73. CSC's use as described in the preceding paragraph is in bad faith and constitutes an unfair method of competition and deceptive act or practice pursuant to the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 et seq.

74. The aforesaid actions of CSC have caused, and unless enjoined, will continue to cause damage and irreparable injury to Allen Brothers, by diversion of sales and/or lessening of goodwill associated with Allen Brothers' products, for which there is no adequate remedy at law.

75. In addition to the irreparable injury described herein, as a direct and proximate result of the conduct described herein, Allen Brothers has sustained, and will continue to sustain, actual and/or consequential damages.

76. CSC's actions as complained of herein were with knowledge that CSC was using "ALLEN BROTHERS" as a key word, that Allen Brothers was its competitor and that Allen Brothers has registered marks for "Allen Brothers."

**PRAYER FOR RELIEF**

WHEREFORE, Allen Brothers requests that judgment be entered in its favor against CSC, as follows:

A. That CSC be directed to account and pay to Allen Brothers all damages suffered by it as a result of the wrongful conduct described herein, including violations of the Lanham Act, state statutes and common law, as well as to account for all gains, profits, and advantages derived by any such wrongful conduct;

B. That such damages caused by CSC be trebled in accordance with 15 U.S.C. § 1117 because its infringement is intentional, willful, and malicious, and therefore warrants enhanced damages and/or punitive damages as the Court may find appropriate;

C. For an order preliminary and permanently enjoining CSC from the unlawful conduct complained of herein, including but not limited to the following:

(1) using the term "ALLEN BROTHERS" or any confusingly similar mark or

                term in connection with the sale, marketing or provision of food products, whether "ALLEN BROTHERS" is used as all or part of an Adword, key word or other pay-per-click term, trade name, business name, trademark, service mark or domain name;

        (2)      otherwise infringing upon the Allen Brothers Marks; and

        (3)      competing unfairly with Allen Brothers in any manner whatsoever.

    D.      For an award of Allen Brothers' costs and expenses incurred in connection with the action, including its reasonable attorneys' fees;

    E.      For pre-judgment interest at the maximum rate allowed by law; and

    F.      For such other relief as may be deemed appropriate by the Court.

RESPECTFULLY SUBMITTED this 12th day of March, 2010.

By: */s/ Alfred L. Buchanan*

*Of Counsel:*
David E. Rogers
(Arizona Bar No. 019274)
Gregory A. Davis
(Arizona Bar No. 025976)
SQUIRE, SANDERS & DEMPSEY L.L.P.
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004-4498
Telephone:   602.528.4000
Facsimile:   602.253.8129

Alfred L. Buchanan
MICHAELS & MAY, P.C.
300 South Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone:   312.428.4726

Attorneys for Plaintiff Allen Brothers, Inc.